## F. M. Lawrence v. The State.

1. Practice.— A requested instruction to the jury was refused by the trial judge because it was not filed before it was presented. *Held*, no reason at all.

2. Theft — Claim of Right.— In a trial for theft the evidence showed that the defendant took the property openly and in the belief that he had a right to do so. *Held*, error to refuse an instruction for acquittal in case the jury so found the fact; and error to refuse a new trial.

3. Practice.— Having no right of appeal in a criminal cause, the State has no right to a bill of exceptions.

Appeal from the County Court of Rains. Tried below before the Hon. E. P. Kearby, County Judge.

The case is fully and clearly stated in the opinion.

*C. H. Yoakum*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

White, P. J. The defendant in this case was charged by information with the theft of twelve bushels of corn, of the value of $6, the property of John Morehead, but, when stolen, in the possession and custody of F. M. Hudson. His trial resulted in his conviction, with his punishment assessed by the jury at a fine of $6, and confinement of five minutes in the county jail.

The evidence disclosed that the State's witnesses, Hudson and Morehead, had rented sixty acres of land from the defendant under a contract to cultivate it jointly, forty acres in cotton and twenty in corn; for which they were to pay a rental of one-third of the corn and one-fourth of the cotton realized. That pending the maturity of the crop, the defendant had furnished the witnesses supplies of corn and meat. That before the maturity of the crop, the witness Hudson, by agreement with Morehead, assumed exclusive management and cultiva-

tion of the cotton land, leaving to the latter the exclusive management and cultivation of the corn land. That when the corn matured, the witness Morehead gathered four loads, deposited one load in the corn pens of the defendant, and of the balance deposited that charged to have been stolen in the pens of Morehead. That the defendant, claiming a balance due on advances, drove his wagon to Morehead's pens, and took the corn, *sans ceremonie,* but asserting his right to it as due him on rents and for advancements.

Upon this state of facts, the defendant's counsel requested the court to charge as follows: " Gentlemen of the jury: If you believe from the testimony that the defendant claimed that the tenant that raised the corn (that defendant is charged with stealing) was due him rent or advances, and that defendant honestly believed that he was entitled to possession of said corn to secure him in the rent, and that under his claim he took possession of the corn, he would not be guilty of theft." This charge was indorsed by the judge: " Refused; presented by counsel for defendant without being filed. E. P. Kearby, County Judge." " Filed Sept. 6, 1881. Thos. M. Allred, Clerk."

In the first instance, the refusal of this charge was error, patent and palpable. The charge asked, while not phenomenally artistic, was responsive to the case as made by the evidence, and announced a well-settled principle of law. It involved the very essence of the controversy as made by the evidence both for the State and for the defense, and its refusal by the court could not have resulted otherwise than to the defendant's prejudice.

But his honor's reason for refusing the charge, as stated in his note of explanation, announces to us a rule of law and practice at once novel and anomalous. How a defendant is to get requested charges filed and made a part of the record in a case before they have been presented to the court and either given or refused, is, we confess, a ques-

tion of profound difficulty to us.   At all events the reason assigned is no reason at all, and affords no excuse whatever for the unauthorized action of the court.

The refusal of the charge asked was error on the part of the court.   Equally were the subsequent proceedings on the trial objectionable as finding no sanction in law. After the court had refused the charge asked, because, as stated, it had not been previously filed, and the defendant had asked that it be then filed and made a part of the record, with a view doubtless, of eliciting revision by this court, the county attorney objected to the filing of the same for the purpose named, and his objection being overruled actually reserved a bill of exceptions, which was allowed and is brought up in the record.   There is no rule of law authorizing such proceeding.   The defendant was entitled to a complete transcript of the record, showing *all* the proceedings in the case, of which the request for and refusal of the charge is always and was in this case a most important part and parcel.   The State has no appeal from any proceeding of the court in criminal cases, and the granting of this bill of exceptions and its incorporation in the record amounted to no more than burdening the record with irrelevant matter.

Again: though this court will hesitate to interfere with the functions of the jury, when it appears that the State, upon its theory of the case, presented a sufficiency of evidence to sustain a conviction, yet, when a total and absolute want of such evidence is manifest, we will unhesitatingly reverse.   And such is the character of the evidence in this case.   It is entirely insufficient to sustain the conviction.

Because of error in the refusal of the charge asked, to which the defendant excepted at the time, and brings before this court on proper bill, and because of the inadequacy of the evidence to support the verdict, the judgment is reversed and the cause remanded.

*Reversed and remanded.*