Charles **BRYANT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61195.

Court of Criminal Appeals of Texas.

Feb. 3, 1982.

---

Andy Kupper and David Hamilton, Levelland, for appellant.

E. W. Boedeker, Dist. Atty., & Warren J. New, Asst. Dist. Atty., Levelland, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and W. C. DAVIS and McCORMICK, JJ.

## OPINION

McCORMICK, Judge.

Appellant was convicted by a jury of felony theft of one hundred landscaping and tropical plants, having a value over $200 and less than $10,000. Punishment was assessed by the trial judge at two years' probation.

Appellant entered into a contract with Clifford Hartsell. Under the terms of the contract, appellant was to do some landscaping work around Hartsell's business, Shirley's Tropical Fish. Hartsell was to pay appellant $5,000.00. Initially, the agreement called for Hartsell to make weekly payments as the work was completed. However, according to Hartsell's testimony, shortly after work began, appellant approached him for money with which to buy materials. Hartsell gave him $500.00. When appellant returned to the job site, he brought approximately one hundred tropical plants and stored them behind a building on the property. Some time later, before the plants were actually planted, appellant noticed that some of the plants were being stolen at night, so he removed the plants from the job site and took them to his home.

Appellant initially claims that the evidence was insufficient to prove the value of the plants allegedly taken. Under V.T.C.A. Penal Code, Section 31.08, value is to be shown by the fair market value of the property at the time and place of the offense, or if the fair market value of the property cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. The only testimony as to the value of the plants taken came from Clifford Hartsell. On direct examination, Hartsell stated that appellant asked for $500.00 in order to purchase some materials. Hartsell stated he gave the money to the appellant and, when appellant returned, he brought back over a hundred plants. On cross-examination, when asked if he understood that the $500.00 was in exchange for the plants, Hartsell replied that he thought the $500.00 was to be used for materials. Hartsell testified that he never received a bill of sale or any inventory sheet regarding the actual cost of the plants. No other evidence was introduced regarding the fair

market value of the plants. The only evidence regarding the replacement value of the plants comes from Hartsell. He testified that he replaced the plants with other plants worth "at least $200.00."

We find that there is insufficient evidence to prove the value of the plants was over $200.00. The evidence shows that appellant received $500.00 to purchase materials, but there is no evidence to prove that the $500.00 was used to purchase the plants. The State in its brief has cited *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976), appeal after remand, 548 S.W.2d 13 (Tex. Cr.App.1977), for the proposition that, even though the fair market value of the plants was not proven, the evidence was sufficient to show that Hartsell paid more than $200.00 for the plants and there is no evidence the plants were worth less than $200.00. However, the evidence only shows the plants used to replace the missing plants were worth "at least $200.00." The State has failed to show the value of the plants was over $200.00.

■ The Court also notes that appellant alleges the evidence was insufficient to establish that appellant acted with intent to deprive the owner of the plants, and that the evidence was insufficient to show that Hartsell actually owned the plants. Under the facts of this case, ownership of the property and the intent of the actor are so closely intertwined that they will be considered together. There is no direct evidence that appellant had the intent to deprive the owner of the plants. Thus, we look to the surrounding circumstances. *Coronado v. State*, 508 S.W.2d 373 (Tex.Cr. App.1974).

The evidence shows that appellant brought the plants along with other materials to the job site. Hartsell testified on cross-examination that at different times appellant had removed some of these materials from the site. Testimony from Hartsell and several of the State's other witnesses showed that appellant was afraid the plants would be stolen, so he offered to take them to his home for safekeeping. Hartsell's mother apparently told appellant that she would take care of the plants, and so he should not remove them. However, appellant proceeded to remove some plants. Hartsell's wife, daughter, and a family friend, all testified that they saw appellant loading the plants into his truck but did not do or say anything to stop him. Further testimony shows that the appellant returned to the job site after removing the plants and resumed laying forms for a sidewalk. The State produced no evidence to show that appellant had the requisite intent to commit theft. The circumstances surrounding the taking of the plants did not involve the furtive, secretive acts of theft this Court has observed in some cases. *Alvarado v. State*, 596 S.W.2d 904 (Tex.Cr. App.1980); *Coronado v. State*, supra; *Hawkins v. State*, 467 S.W.2d 465 (Tex.Cr.App. 1971).

In addition, the uncontroverted testimony of Frank Webb, a building contractor, showed that under the usual customs and trade practices of the contracting industry the contractor actually is responsible for materials on the site until the contract is completed:

"Q. Is material piled at the construction site, first of all?

"A. Yes.

"Q. And without any agreement, who is the owner of that material?

"A. Well, its left in charge of the building contractor until the job is finished. Until the papers are signed, he is in full charge of that material, no matter where it's at.

"Q. Who would have to replace that material if it was damaged or stolen?

"A. The builder would.

"Q. At what point in time does the material that is placed at a job site become the actual property of the person that you contracted to, the owner of the property?

"A. Only when the papers are signed releasing it or giving it to the other one that all financial agreements and work agreements have completed; in other words, the job is finished.

"* * *

"Q. Now, when you are talking about being in charge of your material, would that give you the right to come in and take materials away from the job site?

"A. If I felt there was a danger that someone might steal them, you bet, or if they could get water damage or anything...."

The appellant testified that he believed he owned the plants and was responsible for them:

"Q. Who do you think owned those plants when you went there to get them?

"A. There never was any question. I mean I bought the plants with my own money. There was never any doubt. I mean, the plants were taken back for security and they would be brought back when they were needed...."

The evidence surrounding the taking of the plants reflects appellant's belief that he thought he had a legal duty to protect the plants. Thus, the evidence is insufficient to show an intent to deprive. Indeed, the evidence shows that appellant thought he owned the plants at the time of the alleged theft.

Although the ownership of the plants is in question, the State maintains that under V.T.C.A. Penal Code, Section 31.10, Hartsell had the right of exclusive possession of the property and thus could be construed to be the owner. The evidence does not support this contention. The uncontroverted testimony of Webb, as noted above, shows that in the contracting business the contractor has a right and duty to care and control the materials used in a job. At best, the evidence shows a controversy between two parties to a verbal construction contract which centered not upon the removal of the plants from the job site but upon the work progress and periodic payments therefor.

Because we find the evidence was insufficient to show the value of the plants taken to be over $200.00, was insufficient to show the requisite intent for theft, and was insufficient to show that Hartsell was the owner of the plants at the time of the alleged taking, we reverse, and the prosecution is ordered dismissed.