Eduardo G. ALANIZ, Appellant,

v.

YATES FORD, INC., Appellee.

No. 04–89–00241–CV.

Court of Appeals of Texas,
San Antonio.

April 11, 1990.
Rehearing Denied May 17, 1990.

Thomas M. Schumacher, Law Offices of Thomas M. Schumacher, Corpus Christi, for appellant.

Rick Rogers, Harvey R. Hardwick, Porter, Rogers, Dahlman, Gordon & Lee, Corpus Christi, for appellee.

Before BUTTS, REEVES and PEEPLES, JJ.

## OPINION

BUTTS, Justice.

Our previous opinion is withdrawn and replaced by this opinion.

This is an appeal from a summary judgment in an action for statutory penalties pursuant to the TEX.REV.CIV.STAT.ANN. art. 5069–7.01 *et seq.* (Vernon 1987). Plaintiff and appellant, Eduardo G. Alaniz sued appellee, Yates Ford, Inc. and Southwest Beneficial Finance, Inc., but subsequently nonsuited his action against Southwest. Only Yates Ford remained as a party defendant. Both plaintiff and defendant moved for summary judgment. The trial court granted summary judgment for Yates Ford and denied the motion of plaintiff, who moved for a penalty judgment of $4000.00, reasonable attorney fees, and prejudgment interest.

On June 26, 1978, plaintiff executed a retail installment agreement with Yates

Ford, purchasing a 1978 Ford Thunderbird. On that same date the agreement was assigned to Southwest. On June 4, 1982, plaintiff filed this action which is one for statutory penalties and attorney fees only. The summary judgment motions were heard in 1987, but summary judgment was not signed until 1989. Appeal was then perfected.

Plaintiff based his suit on two alleged violations of the Texas Consumer Credit Code set out in Chapter 7, which applies to vehicle installment sales. He has since abandoned one of them and now urges violation only of article 5069–7.07(6). That section directs that:

> No retail installment contract or retail charge agreement shall:
>
> &ast;  &ast;  &ast;  &ast;  &ast;  &ast;
>
> (6) Provide that the buyer agrees not to assert against the seller or holder of any claim or defense arising out of the sale; . . . .

TEX.REV.CIV.STAT.ANN. art. 5069–7.07(6) (Vernon 1987).

■ The word "of" preceding "any claim" has been denoted surplusage. *See Knight v. International Harvester Credit Corp.*, 627 S.W.2d 382 (Tex.1982).

Alaniz brings three points of error, the first two challenging the trial court's granting of Yates Ford's motion for summary judgment as well as its failure to grant the motion of Alaniz for summary judgment. The last point is that the trial court erred when it failed to grant Alaniz prejudgment interest. We will first address the prejudgment interest argument.

■ Even if Alaniz were successful in his claim for pecuniary damages under the Credit Code, he could not recover prejudgment interest. *Cavnar v. Quality Control Parking, Inc.*, 696 S.W.2d 549 (Tex.1985) decided a similar argument adversely to Alaniz. There the supreme court held that prejudgment interest may not be awarded on punitive damages. *Id.* at 555. Although *Cavnar* was a wrongful death action and not a suit for penalty damages such as the present one, the supreme court

emphasized that prejudgment interest may be awarded based only on actual damages.

Closer by analogy to the present case is *Steves Sash & Door Co. v. Ceco Corp.*, 751 S.W.2d 473, 476 (Tex.1988), wherein the court held that prejudgment interest is not recoverable on usury penalty damages. *See* TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon 1987). In this comparable case Alaniz sued only for punitive damages for violation of the Credit Code pursuant to art. 5069–7.07(6) and sec. 8.01. The statutes are penal in nature and must be strictly construed. Although certain penalty damages, including attorney fees, are specified as recoverable, there is no provision for prejudgment interest. Under a strict construction analysis of art. 5069–7.07(6) and sec. 8.01, prejudgment interest is not recoverable. *See Steves Sash & Door Co. v. Ceco*, 751 S.W.2d at 476. *See also Vail v. Texas Farm Bureau Mutual Insurance Co.*, 754 S.W.2d 129, 137 (Tex.1988). Therefore, we hold that appellant may not recover prejudgment interest.

The reliance by Alaniz on *Tom Benson Chevrolet, Inc. v. Alvarado*, 636 S.W.2d 815 (Tex.App.—San Antonio 1982, writ ref'd n.r.e.) is misplaced. If that opinion upheld prejudgment interest awarded on punitive damages, it has since been implicitly overruled. As previously stated, although prevailing in the case, Alaniz still would not be entitled to an award of prejudgment interest since penalties recovered under Chapter 8 of the Credit Code are penal in nature and not actual damages on which prejudgment interest may be adjudged. Thus, the third point is overruled.

It is contended that paragraph H of the installment sales contract violates TEX. REV.CIV.STAT.ANN. art. 5069–7.07(6) (Vernon 1987). That paragraph provides:

> H. All rights of seller in, to and under this agreement and in and to said property shall pass to and may be exercised by seller's assignee. Purchaser agrees that in the event of assignment by seller, purchaser's liability to assignee shall be immediate and absolute and not affected by any default of seller.

Paragraph H is located on the reverse side of the document. On the face of the initial and primary page are these words in capital letters:

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF....

In *Gonzalez v. Gainan's Chevrolet City, Inc.*, 690 S.W.2d 885 (Tex.1985) the supreme court dealt with the standard of construction to be given consumer credit contracts. The question was whether this type contract must be construed to comport with legality and the parties must be presumed to have intended to obey the law. The court stated that the doctrine of presumed legality, based upon the common law of usury, would not apply to contracts governed by the Consumer Credit Code. *Id.* at 887. The courts thus are "obliged to construe the Credit Code in a manner that comports with legislative intent and furthers the purposes of the statute." *Id.* The supreme court held that there is no reason to presume the legality of terms and provisions of a contract which are required or prohibited by the Consumer Credit Code and which are not relevant to a finding of usury. *Id.* The court overruled that particular application and construction of general contracts law to Credit Code contracts, as found in *Haley v. Pagan Lewis Motors, Inc.*, 647 S.W.2d 319 (Tex.App.—Corpus Christi 1982, writ ref'd n.r.e.) and *Grant v. Friendly Chrysler–Plymouth, Inc.*, 612 S.W.2d 667 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). *Id.* In other words, the appellate court would not presume the legality of the questioned provision. The contract provision in *Gonzalez* concerned a violation of art. 5069–7.07(3), which at the time those facts arose expressly prohibited an authorization of trespass. We are concerned in the present case with art. 5069–7.07(6), which expressly prohibits waiver of a right by the buyer to assert a claim or defense against the seller or holder arising from the sale. Whether the contract violates this waiver prohibition is the issue.

The supreme court in *Goswami v. Metropolitan Savings and Loan Assoc.*, 751 S.W.2d 487, 491 (Tex.1988) reaffirmed the standard for reviewing summary judgments:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Id.* at 491, citing *Nixon v. Mr. Property Management*, 690 S.W.2d 546, 548–49 (Tex. 1985). A contract may be subject to interpretation as a matter of law, and a suit on a contract may lead to motions for summary judgment, as in the present case. Here both parties moved for summary judgment, agreeing that this was the appropriate action. *See Hall v. Mockingbird AMC/Jeep, Inc.*, 592 S.W.2d 913 (Tex.1979).

■ In this installment sales contract, there is no problem with the words, "... in event of assignment by Seller, Purchaser's liability to assignee shall be immediate and absolute." But the problem arises with the contractual provision that after liability to assignee does become immediate and absolute, "the liability of the Purchaser will not be affected by any default of Seller." The contract does not define or limit the meaning of "default." Alaniz suggests that a reasonable meaning would be that he could be required to pay the balance of the contract to the assignee but be prohibited from asserting failure of consideration as a defense to non-payment. He suggests that the automobile might be a different one from the one he ordered. We agree that the term "default" can mean "omission," "failure," or even "breach" in everyday usage.

Yates Ford argues that the clause does not waive a buyer's claim or defense against the assignee but merely sets out the duty of the buyer to make payments to the assignee regardless of what the seller may do. We do not agree. We hold that the provision of the contract, paragraph H, violates the TEX.REV.CIV.STAT.ANN. art. 5069–7.07(6). A single violation of the Credit Code will trigger the penalties under sec. 8.01. *Gonzalez v. Gainan's Chevrolet City, Inc.,* 690 S.W.2d at 889.

We accordingly sustain the first two points of error. The second point is that the trial court erred in not granting Alaniz' motion for summary judgment. The case is therefore reversed and the judgment is rendered that Alaniz recover on his action for penalties under the Credit Code. We remand to the trial court that portion of the judgment regarding attorney fees for a determination of reasonable attorney fees.

The judgment is reversed and rendered in part and reversed and remanded in part.