**In the Matter of S.S. a Juvenile.**

No. 10–04–00194–CV.

Court of Appeals of Texas,
Waco.

April 20, 2005.

Jose R. Villanueva, Waco, for appellant.

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

BILL VANCE, Justice.

Appellant S.S., a juvenile (age 15 at the time of the alleged offense), was charged by petition with engaging in the delinquent conduct of criminal trespass, a class B misdemeanor. TEX. FAM.CODE ANN.

§§ 51.03, 53.04 (Vernon 2002 & Supp.2004–05); Tex. Pen.Code Ann. § 30.05(a) (Vernon 2003). He pled not true and was tried before the trial court, who found the charge true and entered judgment adjudicating Appellant and imposing community supervision until he reaches the age of 18. Tex. Fam.Code Ann. § 54.03 (Vernon Supp. 2004–05).

Appellant brings this appeal and asserts two issues: (1) the legal sufficiency of the evidence to support the trial court's finding of true; and (2) alternatively, the trial court's rejection of Appellant's defense of mistake of fact.

We will overrule the issues and affirm the judgment.

## Background

Appellant and his mother (Bertha) and two brothers had been evicted from their apartment at La Mirage II in Waco after a history of rent nonpayment, one brother's burglary of a vacant apartment, and a verbal altercation involving Bertha, the assistant manager (Brenda Lerma), and several teen residents. Appellant's family had lived in the apartment next to Susanna, the sister of Appellant's mother. Carol Wiethorn, the manager of La Mirage II, testified that she evicted Appellant's family and had them warned off the property by Waco police after their eviction.

Officer Joseph Arnold testified that he was called to La Mirage II on October 15, 2003, on the report of a disturbance. He and another officer had been called to La Mirage II the week before regarding Appellant's family and, at that time, issued written warning citations to Appellant, his mother, and one brother to stay off the property. The written warning to Appellant was issued on October 8, 2003, and it purports to bear Appellant's signature. On October 15, Officer Arnold, after having to threaten to enter the apartment

because Appellant was initially hiding inside, found Appellant in Susanna's apartment and arrested him for criminal trespass for violating the warning issued to him on October 8. Officer Charles Herron accompanied Officer Arnold on October 15, and his testimony corroborated Officer Arnold's testimony. Both officers testified that the warning as to Appellant was still valid on October 15 and that it had not been removed by La Mirage II. Wiethorn and assistant manager Brenda Lerma of La Mirage II testified that once someone is warned off the property, they are not allowed back on the property, and they both testified that they did not give permission to Appellant or his mother or brother to return to Susanna's apartment after the written warnings had been issued.

Bertha and Susanna testified that they did not know that Appellant had also been warned off the property on October 8. Susanna testified that Appellant and his youngest brother were living at her apartment after the eviction and that she thought they had not been warned off the property. Also, Susanna said that she had obtained verbal permission (through Susanna's daughter as an interpreter) from Wiethorn for Bertha to be on the property, in that Bertha was allowed to pick up and drop off her children (which would include Appellant) and Susanna's children for school and that Bertha's children would be with Bertha on these occasions. Both Wiethorn and Lerma denied that they gave any verbal permission to Bertha for her or Appellant to be on the property, and Wiethorn denied even having such a conversation with Susanna. On October 15, at the time of Appellant's arrest, Susanna said that Bertha had just brought all the children from school and had also brought some food for Susanna to cook because, Susanna explained, after being

evicted, Bertha did not have a place to cook at the place she had moved to. Bertha testified that Appellant was at the apartment on October 15 because she had just picked him and the other children up from school and that Appellant had to be with her at that time. Bertha admitted her understanding that she could not come to Susanna's apartment, but she said that she did so anyway because she was dropping off the children from school and getting food for her children to eat. (Bertha was also arrested for criminal trespass on October 15 and pled guilty).

## Legal Sufficiency

■ Appellant argues that the evidence is legally insufficient to support the trial court's finding of true on the charged allegation of engaging in the delinquent conduct of criminal trespass.[1] When reviewing a challenge to the legal sufficiency of the evidence to establish the elements of the penal offense that forms the basis of the finding that the juvenile engaged in delinquent conduct, we must determine whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 318–19, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard is the same for both direct and circumstantial evidence cases. *Kutzner v. State*, 994 S.W.2d 180, 184 (Tex.Crim.App. 1999).

■ We do not resolve any conflict of fact or assign credibility to the witnesses, as this was the function of the trier of the

fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex.Crim.App.1999); *Adelman v. State*, 828 S.W.2d 418, 421 (Tex.Crim.App. 1992); *Matson v. State*, 819 S.W.2d 839, 843 (Tex.Crim.App.1991). Instead, our duty is to determine if both the explicit and implicit findings of the trier of fact are rational by viewing all of the evidence admitted at trial in a light most favorable to the verdict. *Adelman*, 828 S.W.2d at 422. In so doing, any inconsistencies in the evidence are resolved in favor of the verdict. *Curry v. State*, 30 S.W.3d 394, 406 (Tex.Crim.App.2000); *Matson*, 819 S.W.2d at 843.

■ The State was required to prove beyond a reasonable doubt that Appellant knowingly or intentionally entered or remained on the property of another after receiving notice that entry was forbidden. Tex. Pen.Code Ann. § 30.05(a)(1) (Vernon 2003); *see Holloway v. State*, 583 S.W.2d 376, 377 (Tex.Crim.App.1979); *Bader v. State*, 15 S.W.3d 599, 606 (Tex.App.-Austin 2000, pet. ref'd). Generally, the culpable mental state may be inferred from circumstantial evidence. *See Dillon v. State*, 574 S.W.2d 92, 94 (Tex.Crim.App.1978).

■ Appellant asserts that there is no evidence upon which the trial court could rationally have found that he criminally trespassed because no trier of fact could conclude that the State proved the *mens rea* element of criminal trespass beyond a reasonable doubt because Appellant, a minor, was at the apartment at the behest of his mother. Appellant argues that the State did not contradict Bertha's testimony that Appellant was at the apartment only because she required him to be there be-

---

1. The State's burden of proof in a juvenile case is beyond a reasonable doubt. Tex. Fam. Code Ann. § 54.03(f) (Vernon Supp.2004–05); *see In re R.X.F.*, 921 S.W.2d 888, 899 (Tex. App.-Waco 1996, no writ). We thus apply the criminal standard of review for legal suffi-

ciency of the evidence. *In re K.B.*, 143 S.W.3d 194, 199 (Tex.App.-Waco 2004, no pet. h.); *In re C.P.*, 998 S.W.2d 703, 708 (Tex.App.-Waco 1999, no pet.); *In re R.X.F.*, 921 S.W.2d at 899.

cause she was dropping off all the children from school and bringing food for her children to be cooked at the apartment. The trial court, however, was the sole judge of Bertha's credibility and was free to disregard it. *See Jones v. State,* 944 S.W.2d 642, 647 (Tex.Crim.App.1996). Moreover, Susanna's testimony that Appellant was living at her apartment is inconsistent with Bertha's testimony about why Appellant was there that day, and Bertha's testimony that Appellant was not warned away is contradicted by the testimony of apartment management and Officer Arnold and by the written warning itself. Bertha's testimony that she knew she should not be on the property was also contradicted by Susanna's testimony about receiving verbal permission for Bertha to be on the property.

The State established through Officer Arnold that Appellant was warned away in writing from the property and through circumstantial evidence that Appellant knowingly returned to the property in violation of the warning.

Considering all of the evidence in the light most favorable to the verdict, the trial court could rationally have found beyond a reasonable doubt that Appellant committed the offense of criminal trespass. *Jackson,* 443 U.S. at 318–319, 99 S.Ct. at 2788–89. Finding the evidence to be legally sufficient, we overrule this issue.

## Mistake of Fact

In his second issue, Appellant asserts that the trial court erred because Appellant established that he—and his family—committed a mistake of fact as to his right to be on the subject property.

■ "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." TEX. PEN.CODE ANN. § 8.02(a) (Vernon 2003). A reasonable belief is one held by an ordinary and prudent person under the same circumstances as the actor. *Winkley v. State,* 123 S.W.3d 707, 712 (Tex.App.-Austin 2003, no pet. h.). It is the defendant, rather than a third person, who must labor under the mistake of fact. *Lasker v. State,* 573 S.W.2d 539, 542 (Tex. Crim.App. [Panel Op.] 1978). The mistake-of-fact defense does not look at all to the belief or state of mind of any other person; it impliedly looks to the conduct of others only to the extent that such conduct contributes to the actor's mistaken belief. *Johnson v. State,* 734 S.W.2d 199, 203–04 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd).

■ If there is a reasonable doubt with respect to the existence of a defense, the accused must be acquitted. TEX. PEN.CODE ANN. § 2.03(d) (Vernon 2003); *Winkley,* 123 S.W.3d at 712. In other words, the trier of fact must find against the defendant on the defensive issue beyond a reasonable doubt. *See Saxton v. State,* 804 S.W.2d 910, 914 (Tex.Crim.App.1991).

In *Zuliani v. State,* the court held that when a defendant challenges the factual sufficiency of the rejection of a defense, we must review all of the evidence in a neutral light and ask whether the State's evidence, taken alone, is too weak to support the finding and whether the proof of guilt, although adequate if taken alone, is against the great weight and preponderance. *Zuliani v. State,* 97 S.W.3d 589, 595 (Tex.Crim.App.2003). But in *Zuniga v. State,* the court recently clarified the standard of review for factual sufficiency challenges. *Zuniga v. State,* 144 S.W.3d 477, 484–85 (Tex.Crim.App.2004).

■ When conducting a factual sufficiency review of the evidence, we consider all of the evidence, but we do not view it in

the light most favorable to the verdict. *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). We may find the evidence to be factually insufficient in two ways. *Zuniga*, 144 S.W.3d at 484. First, evidence is factually insufficient when the evidence supporting the finding of guilt, considered alone, is too weak to support the finding beyond a reasonable doubt. *See id.* Second, evidence is also insufficient when contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt. *See id.* at 484–85. However, in our factual sufficiency review, we must still give appropriate deference to the trier of fact and should not intrude upon its role as the sole judge of the weight and credibility given to evidence presented at trial. *See Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App.2000); *Clewis*, 922 S.W.2d at 133.

*Roy v. State* addresses *Zuniga's* implication when the defendant challenges the factual sufficiency of the rejection of a mistake-of-fact defense:

> In [clarifying the factual sufficiency standard of review, *Zuniga* ] did not specifically address whether the modified standard applies when a defendant challenges the rejection of a defense. However, the court expressed its desire to resolve any conflicts in the standard of review for factual sufficiency by (1) linking the burden of proof at trial to the standard of review on appeal and (2) avoiding language that suggested a lower burden of proof was required. [*Zuniga*, 144 S.W.3d at 485.] Thus, the court concluded that because the State is required to prove the defendant's guilt beyond a reasonable doubt, any standard of review that suggested the lower burden of proof, preponderance of the evidence—whether or not it was actually employed—was inappropriate. *Id.*
>
> . . .

Following *Zuniga*, we first look at the burden of proof of the parties at trial when, as in this case, the defendant raises the defense of mistake of fact. *See id.* The defendant bears the initial burden to present evidence raising the defense; however, once the defense is raised, the State bears the burden of persuasion to disprove the defense. *Bruno v. State*, 812 S.W.2d 56, 59–60 (Tex.App.-Houston [14th Dist.] 1991), *aff'd*, 845 S.W.2d 910, 912 (Tex.Crim. App.1993); *Anderson v. State*, 11 S.W.3d 369, 372 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The State meets its burden by proving its case beyond a reasonable doubt. *Bruno*, 812 S.W.2d at 59–60. Thus, the State's burden does not decrease once the mistake of fact defense is raised; rather, the State must disprove the defense by proving its case beyond a reasonable doubt. *Id.*

Because *Zuliani's* standard for reviewing the factual sufficiency of the rejection of a defense utilizes "great weight and preponderance" language, and the *Zuniga* court resolved some of the confusion that developed post-*Clewis* by avoiding language suggestive of a preponderance of the evidence burden of proof, we interpret *Zuniga* to modify the standard of review for rejection of a defense. Accordingly, we adopt the *Zuniga* modification for the standard of review when the defendant challenges the rejection of a defense. Thus, when the defendant challenges the rejection of a defense on factual insufficiency grounds, we view all the evidence in a neutral light and determine whether (1) the evidence supporting the rejection of the defense, when considered by itself, is too weak to support the rejection beyond a reasonable doubt or (2) contrary evidence, if present, is strong enough that the beyond-a-reasonable-doubt standard could not be met. *See Zuniga*,

[144 S.W.3d at 484–85.] This revised standard encompasses both objectives stated in *Zuniga;* first, it directly links the burden of proof to the standard of review on appeal, and second, it removes the great weight and preponderance language from the standard of review. *See Zuniga,* [144 S.W.3d at 484.]

*Roy v. State,* 161 S.W.3d 30, 35–36 (Tex. App.-Houston [14th Dist.] 2004, no pet. h.).

■■■■ We agree with *Roy's* analysis and will apply it to Appellant's mistake-of-fact defense and factual-sufficiency issue. As *Roy* notes, the defendant bears the initial burden of producing some evidence to raise a regular defense such as mistake of fact, and once the defense is raised, the State bears the burden of persuasion to disprove the defense.[2] *Id.* at 36. The State meets its burden of persuasion by proving its case beyond a reasonable doubt and thus need not produce evidence directly refuting the evidence of the defense. *Zuliani,* 97 S.W.3d at 594; *Roy,* at 36.

■■■ By its finding of true, the trial court believed that Appellant knew he did not have permission to be on the property, thus implicitly finding against Appellant's mistake-of-fact defense. While there is some evidence that Susanna believed that Appellant had permission to return to the property, Appellant did not produce any evidence that *he* believed that he had permission to return to the property. Appellant thus did not meet his initial burden of production. Nevertheless, the State's evidence on the permission issue (the apartment managers both testified that permission was not given after Appellant was warned off, and the officers testified that Appellant was hiding in the apartment un-

til they threatened to enter), when considered by itself, is not too weak to support the implicit rejection of Appellant's defense. *Cf. Winkley,* 123 S.W.3d at 712 (affirming trespass conviction and rejecting defendant's factual sufficiency issue on mistake-of-fact defense where she testified she had received oral permission to enter property, but person allegedly giving permission testified he did not give her permission).

We thus conclude that the evidence is factually sufficient to support the trial court's implied finding against Appellant's defense. Appellant's second issue is overruled.

### Conclusion

Having overruled both issues, we affirm the judgment.

---

2. With an affirmative defense such as insanity, the defendant has the burden of proof (preponderance of the evidence) and the burden of persuasion, and on appeal the standard of review is whether, after considering all the evidence on the issue, the judgment is so against the great weight and preponderance of the evidence to be manifestly unjust. *Meraz v. State,* 785 S.W.2d 146, 150, 154–55 (Tex.Crim.App.1990).