IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00056-CR

 

Sandra Jean Turner,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 



From the 220th District Court

Bosque County, Texas

Trial Court No. 05-08-13894-BCCR

 



MEMORANDUM  Opinion










 

      Turner appeals her conviction
for state-jail-felony theft.  See Tex.
Penal Code Ann. § 31.03(a), (e)(4)(A) (Vernon Supp. 2006).  We
affirm.

      In Turner’s two issues, she
contends that the evidence was legally and factually insufficient.  The victim
purchased a car from Turner and Turner’s codefendant.  Thereafter, Turner and
the codefendant purported to repossess the car.  Turner complains concerning
the evidence of two related matters, her state of mind and the defense of
mistake of fact. 

      “A person commits an offense
if he unlawfully appropriates property with intent to deprive the owner of
property.”  Tex. Penal Code Ann.
§ 31.03(a).  

      “Appropriate” means:

      (A)  to bring about a transfer
or purported transfer of title to or other nonpossessory interest in property,
whether to the actor or another; or

      (B)  to acquire or otherwise
exercise control over property other than real property.

Tex. Penal
Code Ann. § 31.01(4) (Vernon Supp. 2006).  “Appropriation of property is unlawful if . . . it is
without the owner’s effective consent.”  Id. § 31.03(b) (Vernon
Supp. 2006); see id. §§ 1.07(a)(19), 31.01(3) (Vernon Supp. 2006)
(effective consent).   

      State of Mind.  First,
Turner argues that the evidence of her state of mind was insufficient.  “The
culpable mental state element prescribed by statute for the offense of theft is
‘intent to deprive the owner of property.’”  Robinson v. State, 701
S.W.2d 895, 901 (Tex. Crim. App. 1985) (quoting Tex. Penal Code Ann. § 31.03[(a)]).  “A person acts
intentionally, or with intent, with respect to the nature of his conduct or to
a result of his conduct when it is his conscious objective or desire to engage
in the conduct or cause the result.”  Tex.
Penal Code Ann. § 6.03(a) (Vernon 2003).

“Deprive” means:

      (A)  to withhold property from
the owner permanently or for so extended a period of time that a major portion
of the value or enjoyment of the property is lost to the owner; 

      (B)  to restore property only
upon payment of reward or other compensation; or

      (C)  to dispose of property in
a manner that makes recovery of the property by the owner unlikely.

Tex. Penal
Code Ann. § 31.01(2) (Vernon Supp. 2006).

      Turner argues, “What
distinguishes theft from innocent conduct is that the defendant did not know
that they did not have the owner’s consent to control the property.”  (Br. at 10 (citing 6 Michael [B.] Charlton, [Texas Practice:] Texas Criminal Law § 18.7, at 279 ([2d ed.] 2001)).)  “A
person acts knowingly, or with knowledge, with respect to . . .
circumstances surrounding his conduct when he is aware . . . that the
circumstances exist.”  Tex. Penal Code
Ann. § 6.03(b) (Vernon 2003).  “The crime of theft requires the
‘forbidden conduct’ element of the offense (‘exercise of control over
property’) to be accompanied by th[e] ‘circumstance surrounding the conduct,’
and . . . Penal Code, § 6.03(b), requires proof of the actor’s
knowledge of that ‘circumstance surrounding the conduct:’ that the conduct is
‘without the owner’s consent.’”[1]  McClain v. State, 687 S.W.2d 350, 354
(Tex. Crim. App. 1985) (internal footnote omitted) (quoting Tex. Penal Code Ann.
§ 1.07[(a)(22)(A) (Vernon Supp. 2006)]); accord Gardner v. State, 780
S.W.2d 259, 261 n.2 (Tex. Crim. App. 1989).  Thus, Turner argues, “evidence
that showed a good faith belief in the legal right of the defendant’s
possession of the property negated this element.”  (Turner Br. at 10 (citing 6 Charlton, Texas Criminal Law § 18.7,
at 279; 19 Tex. Jur. 3d Criminal
Law § 56[2, at 201] (West 2001)).)  

      In support of that
proposition, Turner cites Bryant v. Texas.[2]  See Bryant v. State, 627 S.W.2d 180, 183 (Tex. Crim. App. [Panel Op.]
1982).  Bryant stands for the proposition that evidence of a defendant’s
“belief that he thought he had a legal” right to property is probative on the
defendant’s intent to deprive an owner of the property.  Id.  Bryant found
insufficient evidence of Bryant’s intent to deprive the owner of property,
primarily in the absence of evidence of “furtive, secretive acts of theft” on
Bryant’s part and in evidence supporting Bryant’s “belief that he had a legal
duty to protect the” property and his intent to return it.  Id. at
182, 183.

      Mistake of Fact.  Next,
Turner argues concerning the evidence of the defense of mistake of fact, on
“the mistaken belief of [Turner] that [Turner and her codefendant] possessed
the right to repossess the car.”[3]  (Br. at 18.)  “It is a defense to prosecution
that the actor through mistake formed a reasonable belief about a matter of
fact if his mistaken belief negated the kind of culpability required for
commission of the offense.”  Tex. Penal
Code Ann. § 8.02(a) (Vernon 2003).  Mistake of fact does not lie
where the “mistaken belief is not reasonable.”  Gant v. State, 814
S.W.2d 444, 452 (Tex. App.—Austin 1991, no pet.).  “‘Reasonable belief’ means a
belief that would be held by an ordinary and prudent man in the same
circumstance as the actor.”  Tex. Penal
Code Ann. § 1.07(a)(42) (Vernon Supp. 2006).  “The mistake of fact
defense . . . is based on the mistaken belief of the accused, and it
looks to the conduct of others only to the extent that any such conduct
contributes to the mistaken belief.”  Montgomery v. State, 588
S.W.2d 950, 953 (Tex. Crim. App. [Panel Op.] 1979).  “The mistake-of-fact
defense does not look at all to the belief or state of mind of any other
person” other than the defendant.  In re S.S., 167 S.W.3d 108, 112 (Tex. App.—Waco 2005, no pet.) (juvenile adjudication); accord Johnson v. State, 734
S.W.2d 199, 203-204 (Tex. App.—Houston [1st Dist.] 1987, pet. ref’d).  

      “After default, a secured party
. . . may take possession of the collateral” in which the secured
party has a security interest.  Tex.
Bus. & Comm. Code Ann. § 9.609(a) (Vernon 2002).  “‘[D]efault’
can mean ‘omission,’ ‘failure,’ or even ‘breach’ in everyday usage.”  Alaniz
v. Yates Ford, Inc., 790 S.W.2d 38, 40 (Tex. App.—San Antonio 1990, no
writ).  “A secured party may” so “proceed” by means of self-help, “without
judicial process,” only “if it proceeds without breach of the peace.”  Tex. Bus. & Comm. Code Ann.
§ 9.609(b) (Vernon 2002).  “[T]he right to take possession of property
legally possessed by another person without the need to utilize judicial
process is in derogation of the owner’s constitutional rights not to be
deprived of property except by due process of law.  But for the fact that a
secured party is given” by statute “a greater right to possession of the
property than the one from whom it is taken, the person taking the property
would be guilty of theft.”  Sanchez v. MBank, 792 S.W.2d 530, 532 (Tex.
App.—El Paso 1990), aff’d sub nom. MBank El Paso, N.A. v. Sanchez, 836
S.W.2d 151 (Tex. 1992).  Business and Commerce Code Section 9.609, moreover,
“in granting this valuable right, imposes a duty on the secured party to
repossess only if it can be done without disturbing public tranquility and
order.”  Sanchez, 792 S.W.2d at 532 (interpreting Act of May 24, 1973,
63d Leg., R.S., ch. 400, §5, sec. 9.503, 1973 Tex. Gen. Laws 997, 1027 (amended
1999) (current version at Tex. Bus.
& Comm. Code Ann. § 9.609 (Vernon 2002))).  The rule against
“breaches of the peace is based on longstanding policy concerns regarding the
exercise of force or violence.  The preservation of peace, courts recognize,
‘is of more importance to society than the right of the owner of chattel to get
possession of it.’”  MBank El Paso, 836 S.W.2d at 152-53 (quoting
Willis v. Whittle, 64 S.E. 410 (S.C. 1909)) (internal citation
omitted).  “[A] secured party must ensure that there is no risk of harm to the
debtor and others if the secured party chooses to repossess collateral by
self-help methods” rather than by judicial process.  Id. at 152-53
(quoting Nichols v. Metropolitan Bank, 435 N.W.2d 637, 641 (Minn. Ct.
App. 1989)).

      Sufficiency of the Evidence.  Turner points to the
following evidence.  Turner testified that she “contacted four repossession
companies that was in the phone book, explained to them, read the contract,
explained to them what was going on,” and “[t]hey said that” she “was within
her rights.”  (1 R.R. at 113.)  Turner’s codefendant testified that he
“repossessed” the car.  (Br. at 17 (quoting 1 R.R. at 85).)   The codefendant
testified that his grounds for doing so were the victim’s “driving the car with
expired registration,” and that the victim “refus[ed] to get the title put into
her name, . . . moved twice and changed jobs twice.”  (Id. (quoting 1 R.R. at 85).)  The codefendant also testified that he “contacted
various law enforcement companies [sic], including the Bosque County Sheriff’s
Department, and was told that [he] had every legal right to repossess that
car.”  (Id. (quoting 1 R.R. at 85) (bracketed alteration added).)  The
codefendant also testified that he “believe[d] [he] had the right to repossess
the vehicle.”  (1 R.R. at 86.)  Turner concedes, “It is clear from the record
that [Turner] did not have a security interest in the contract that would allow
repossession.”  (Reply Br. at 2.)  

      Turner argues throughout that
the trial court “found” that Turner believed she “had the right to repossess
the car.”  (Br. at 17.)  Turner points to the trial court’s comment during the
punishment stage of trial, “I acknowledge what your attorney’s indicated,
that you felt like you had some right to do what you did.”  (Id. at 18, Reply Br. at 6 (quoting 1 R.R. at 156) (emphasis in Turner).)  Turner
argues that the trial court’s remark constitutes a finding in Turner’s favor. 
It does not, and a “court of appeals [i]s not entitled to look to any comments
that the judge may have made at the conclusion of a bench trial as being a
substitute for findings of fact and conclusion of law.”  In re W.E.R., 669
S.W.2d 716, 716 (Tex. 1984) (per curiam); accord In re R.W., No.
03-96-00431-CV, 1997 Tex. App. LEXIS 1517, at *3 (Tex. App.—Austin March 27,
1997, no pet.) (not designated for publication) (juvenile adjudication); Tex. Dep’t of Pub. Safety v. Wilmoth, 83 S.W.3d 929, 931 (Tex. App.—Amarillo
2002, no pet.).

      Legal Sufficiency. 
In Turner’s first issue, she contends that the evidence was legally
insufficient.  “The inquiry on review of the legal sufficiency of the evidence
to support a criminal conviction is whether, after viewing the evidence in a
light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt.”  Powell
v. State, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006); accord Evans
v. State, 202 S.W.3d 158, 161 (Tex. Crim. App. 2006); see Jackson v. Virginia, 443 U.S. 307, 318-19 (1979).  In “a legal sufficiency
review, . . . the court of appeals considers only the evidence that
supports the verdict.”  Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim.
App. 1997); accord Margraves v. State, 34 S.W.3d 912, 916 (Tex. Crim.
App. 2000).

      “In reviewing” for legal
sufficiency a factfinder’s “rejection of a[] defense, we determine whether,
viewing the evidence in the light most favorable to the prosecution, any
rational trier of fact could have found the essential elements of the criminal
offense beyond a reasonable doubt and also could have found against the
defendant on the issue of” the defense “beyond a reasonable doubt.”  Hernandez
v. State, 161 S.W.3d 491, 500 (Tex. Crim. App. 2005); accord Adelman v.
State, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992).  

      As to legal sufficiency,
Turner points only to evidence contrary to the verdict.  In a legal-sufficiency
review, we only consider the evidence in the light most favorable to the
verdict.   

      State of Mind.  Turner
argues that she had a “good faith belief that [she and her codefendant] had the
legal right to repossess the car because of the alleged contractual violations
by the complainant,” and that, that belief defeats the mental-state element of
theft.  (Br. at 9.)  The State points to evidence that Turner did not give
advance notice of her intent to repossess, and to the absence of evidence that
the victim gave her express consent to the repossession or that Turner retained
a security interest in the car.  Turner’s codefendant and the victim testified
that the codefendant neither had nor attempted to get the victim’s consent to
take the car.  An eyewitness testified that Turner and the codefendant drove up
to the victim’s car “in a hurry,” and Turner got into the victim’s car and
drove it away.  (1 R.R. at 59.)  Turner testified that they “quickly drove
off.”  (Id. at 125.)  The victim
testified that she made several attempts to get Turner and the codefendant to
transfer the car title into the victim’s name, but each time Turner and the
codefendant had an excuse to delay the transfer.  The
chief of police testified that he told the codefendant that the purported
repossession was illegal and that he intended to get an arrest warrant if the
codefendant did not return the car.[4]  After Turner repossessed the car, the codefendant sent the victim a
letter demanding amounts for sales tax, transfer fee, registration fee, storage
fee, and repossession fee, and other amounts not provided for in the purchase
agreement.  The codefendant testified that he stored the car himself at his
house.  

      Viewing the evidence in the
light most favorable to the verdict, we hold that a rational factfinder could
have found beyond a reasonable doubt that Turner had the conscious desire to
withhold the victim’s car from the victim permanently, and that Turner knew
that her acquisition of the victim’s car was without the victim’s consent.  The
evidence of Turner’s state of mind was legally sufficient.

      Mistake of Fact.  Next,
Turner argues that she had a defense “based upon the mistaken belief of
[Turner] that [Turner and her codefendant] possessed the right to repossess the
car.”  (Br. at 18.)  The State points to the police chief’s testimony that
Turner had no right to repossess the car, and the victim’s testimony that after
repossessing the car, the codefendant “had it and w[as] driving it,” (1 R.R. at
39), the State argues, for Turner’s “personal use,” (Br. at 4).  As for
Turner’s grounds for repossession, she argues the victim’s “driving the car
with expired registration,” and that the victim “refus[ed] to get the title put
into her name, . . . moved twice and changed jobs twice.”  (Br. at 17 (quoting 1 R.R. at 85).)  The parties’ Purchase Agreement did not address the
victim’s place of residence or employment.  The victim testified that Turner
made it impossible to transfer the title and register the car in the victim’s
name.

      Viewing the evidence in the
light most favorable to the verdict, we hold that a rational factfinder could
have found beyond a reasonable doubt that Turner did not mistakenly believe
that the victim was in default of a security agreement so that Turner had a
right to repossess the car, or found that an ordinary and prudent person in
Turner’s circumstances would not have believed that there was a default of an
agreement that entitled her to repossess.  The evidence supporting the trial
court’s rejection of Turner’s mistake-of-fact defense was legally sufficient.

      We overrule Turner’s first
issue.

      Factual Sufficiency. 
In Turner’s second issue, she contends that the evidence was factually
insufficient.  

      “There is only one question to
be answered in a factual sufficiency review: Considering all of the evidence in
a neutral light, was a” factfinder “rationally justified in finding guilt
beyond a reasonable doubt?”  Watson v. State, 204 S.W.3d 404, 415 (Tex.
Crim. App. 2006) (quoting Zuniga v. State, 144 S.W.3d 477, 484 (Tex.
Crim. App. 2004)); accord Prible v. State, 175 S.W.3d 724, 730-31 (Tex.
Crim. App.), cert. denied, 126 S. Ct. 481 (2005).  “We set aside the
verdict only if the evidence is so weak that the verdict is clearly wrong and
manifestly unjust, or the contrary evidence is so strong that the standard of
proof beyond a reasonable doubt could not have been met.”  Prible at
731; accord Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (defense); see
also Watson at 414-15.  “A clearly wrong and unjust verdict occurs where
the jury’s finding is ‘manifestly unjust,’ ‘shocks the conscience,’ or ‘clearly
demonstrates bias.’”  Prible at 731 (quoting Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997)).  “A decision is not manifestly unjust
merely because the jury resolved conflicting views of the evidence in favor of
the State.”  Cain, 958 S.W.2d at 410.  “[A]n appellate court must first
be able to say, with some objective basis in the record, that the great weight
and preponderance of the . . . evidence contradicts the” factfinder’s
“verdict before it is justified in” reversing for factual insufficiency of the
evidence.  Watson at 417.

      “[T]he jury is the exclusive
judge of the facts” in a jury trial, Tex.
Code Crim. Proc. Ann. art. 36.13 (Vernon 1981), as is the court in a
bench trial, Joseph v. State, 897 S.W.2d 374, 376 (Tex. Crim. App.
1995).  “[A] factfinder may disbelieve some or all of a witness’s testimony,
even when that testimony is uncontradicted,” including evidence of defenses.  Hernandez
v. State, 161 S.W.3d 491, 501 (Tex. Crim. App. 2005) (citing State v.
Ross, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000)); accord Masterson v.
State, 155 S.W.3d 167, 171 (Tex. Crim. App. 2005), cert. denied, 126
 S. Ct. 1330 (2006).  The reviewing court must “exercise appropriate deference
in order to avoid substituting its judgment for that of the” factfinder, “particularly
in matters of credibility.”  Drichas v. State, 175 S.W.3d 795, 799 (Tex.
Crim. App. 2005); accord Clewis v. State, 922 S.W.2d 126, 133 (Tex.
Crim. App. 1996).  “The reviewing court should not substantially intrude upon
the” factfinder’s “role as the sole judge of the weight and credibility of
witness testimony.”  Ortiz v. State, 93 S.W.3d 79, 88 (Tex. Crim. App.
2002); accord Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App.
1996).

      Turner argues, “The standard
for reviewing the jury’s rejection of a defensive issue is that of an ordinary
factual sufficiency review.”  (Br. at 8 n.9 (citing Hernandez v. State, 938
S.W.2d 503, 509 (Tex. App.—Waco 1997, pet. ref’d)).)  We assume without
deciding that, that is the standard.  See Browder v. State, 109 S.W.3d
484, 490-91 (Tex. Crim. App. 2003); Zuliani, 97 S.W.3d at 595; S.S., 167
S.W.3d at 112-14; cf. Watson, 204 S.W.3d at 414-15.

      As to factual sufficiency,
Turner argues only that “[t]he trial court either directly or impliedly found
[Turner] in good faith in the repossession of the car,” and that “this Court is
bound by this determination.”  (Br. at 19.)  For the reasons stated above, the
trial court made no such finding.  See supra p. 6.

      In Turner’s legal-sufficiency
argument, she pointed to evidence that her codefendant made inquiry of
law-enforcement agencies and she made inquiry of repossession services before
they repossessed the car in good faith.  The trial court could easily have
disbelieved that testimony.  

      State of Mind.  In
addition to the evidence stated above, we consider here the following evidence. 
After Turner repossessed the car, her codefendant reported the repossession to
the police department.  Considering the evidence in a neutral light, we hold
that the trial court was rationally justified in finding beyond a reasonable
doubt that Turner had the conscious desire to withhold the victim’s car from
the victim permanently, and that Turner knew that her acquisition of the
victim’s car was without the victim’s consent.  The evidence of Turner’s state
of mind was factually sufficient.

      Mistake of Fact.  In
addition to the evidence stated above, we consider here the following
evidence.  Turner and her codefendant testified that the victim did not want
the car registered in the victim’s name because of the victim’s divorce; but
Turner nonetheless agreed to sell the car to the victim.  Considering the
evidence in a neutral light, we hold that the trial court was rationally
justified in finding beyond a reasonable doubt that Turner did not mistakenly
believe that the victim was in default of a security agreement so that Turner
had the right to repossess the victim’s car, or finding that an ordinary and
prudent person in Turner’s circumstances would not have so believed.  The
evidence of the trial court’s rejection of Turner’s mistake-of-fact defense was
factually sufficient.

      We overrule Turner’s second
issue.

      CONCLUSION.  Having overruled
Turner’s issues, we affirm.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice Reyna

      (Justice Vance dissents from the judgment
with a note)*

Affirmed

Opinion delivered and filed February 14, 2007

Do not publish

[CR25]

 

      * “(The event that forms the basis of this
prosecution resulted from a dispute over the terms of a contract under which
the defendant sold a car to the complainant.  It is a civil dispute.  Because
the evidence fails to establish beyond a reasonable doubt the requisite intent
by the defendant to deprive the complainant of the value of the
property—indeed, in my view the evidence as a whole negates such intent, I
dissent.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979); Roper v. State, 917 S.W.2d 128, 132 (Tex.
App.—Fort Worth, 1996, pet. ref’d).)”









                [1] That element of knowledge of the absence of the owner’s consent to
the defendant’s appropriation of the owner’s property goes more toward whether
“the actor’s acquisitive conduct” is “unlawful” than to the defendant’s
culpable mental state.  See McClain v. State, 687 S.W.2d 350, 354 (Tex.
Crim. App. 1985); see also Tex.
Penal Code Ann. § 31.03(a)-(b).





            [2] Turner also cites
several other Texas cases, including Lawrence v. Texas, Seymore v. Texas, and Brokaw v. Texas.  See Brokaw v. State, 85 S.W. 801 (Tex. Crim. App.
1905); Seymore v. State, 12 Tex. Ct. App. 391 (1882); Lawrence
v. State, 11 Tex. Ct. App. 306 (1881).  Those cases, interpreting the old
Penal Code, are of limited value in interpreting the 1973 Texas Penal Code,
with its consolidation of theft offenses.  See Tex. Penal Code Ann. § 31.02 (Vernon 2003),
§ 31.03(a); Gonzales v. State, 517 S.W.2d 785, 787 (Tex. Crim. App.
1975).  In any case, Bryant is sufficient to establish its holding
stated in the body of this opinion.  See Bryant v. State, 627 S.W.2d 180
(Tex. Crim. App. [Panel Op.] 1982).

            Turner also cites a case decided by
a Georgia intermediate appellate court.  See Edens v. State, 397 S.E.2d
612 (Ga. Ct. App. 1990).  Edens is distinguishable.  There, the
appellate court held that the trial court found that the “appellant did not
possess the criminal intent necessary for theft by taking,” but nonetheless
found him guilty on the ground that the appellant did not have a perfected
security interest in the property taken.  Id. at 614.  Here, the trial
court did not so find.  See infra pp. 6-7.





            [3] Turner correctly states
that her defense “deals with the drafting and construction of a contract.”  (Br. at 14.)  We assume without deciding that Turner presents a defense of mistake of fact,
and not an affirmative defense of mistake of law.  Cf. Tex.
Penal Code Ann. § 8.03(b) (Vernon 2003).  





                [4] Turner contends that, that testimony is of no probative value,
since it did not constitute “an attempt to show the legal effect of any
contractual clause” and the witness “was not qualified to testify about the
legal effect of any contract.”  (Reply Br. at 2.)  Turner has conceded,
however, that she had no valid legal or contractual basis to repossess the
car.  (Id.)  We consider the testimony for its bearing on Turner’s
intent to deprive the victim of the car permanently.