# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

**NO. 03-02-00732-CR**

**Julia Winkley, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 1 OF CALDWELL COUNTY
NO. 29,156, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING**

## O P I N I O N

Appellant was found guilty at a bench trial of class B misdemeanor theft and class B criminal trespass and was sentenced to ninety days confinement probated for twelve months. Tex. Pen. Code Ann. §§ 30.05, 31.03 (West 2003). Appellant challenges the legal and factual sufficiency of the evidence to sustain each conviction.

## Background

On August 7, 2000, appellant went onto land owned by Danny Ellis and took a hay dolly. Appellant was seen by Beverly Travis, an employee of Ellis, as appellant was driving away from the property with the dolly connected to her truck. Travis notified Ellis and the sheriff's office. Travis, on instructions from Ellis, had told appellant not to use the hay dolly after a prior incident.

Appellant admitted taking the dolly for the purpose of transporting hay. Appellant testified that she

believed she had permission to do so and claimed she was planning to return the dolly that same day.

The hay dolly was in fact recovered the same day. Appellant was subsequently charged with

trespassing on Ellis's property and stealing his dolly.

**Criminal Trespass**

When reviewing the legal sufficiency of the evidence, a court looks at all the evidence

in the light most favorable to the verdict to determine whether a rational finder of fact could have

found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

307, 319 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). This standard of review

is the same for both direct and circumstantial evidence. *Green v. State*, 840 S.W.2d 394, 401 (Tex.

Crim. App. 1992).

With respect to the criminal trespass conviction, the State was required to prove

beyond a reasonable doubt that appellant entered or remained on the property of another after

receiving notice that entry was forbidden. Tex. Pen. Code Ann. § 30.05(a)(1). It is undisputed that

the property in question was not that of appellant and that appellant did enter upon the property.

Appellant, however, denied that she received notice that her entry onto Ellis's land was forbidden.

The State alleged oral notice as a specific form of notice in the information and thus

was required to prove that appellant had oral notice not to enter. *Curry v. State*, 30 S.W.3d 394, 399

(Tex. Crim. App. 2000). Ellis testified that he had instructed Travis, his employee, to tell appellant

2

"don't come back" after a prior incident, and Travis testified that she did deliver that message as instructed. Appellant denied having had any such conversation or receiving any notice not to enter the property.

The trial court, as the finder of fact in a bench trial, is entitled to resolve any conflicts in the evidence, to evaluate the credibility of the witnesses, and to determine the weight to be given any particular evidence. *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996). Any inconsistencies in the evidence should be resolved in favor of the verdict. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Assuming the court found Ellis and Travis to be credible, a rational trier of fact could find that Travis did in fact deliver Ellis's message and that the message was adequate notice.

Appellant suggests that there was a variance between the allegation that appellant received notice that entry was forbidden in the form of an "oral communication from Danny Ellis," and the proof, which showed that Travis conveyed Ellis's order to appellant. We conclude the alleged variance was not fatal. "When faced with a sufficiency of the evidence claim based upon a variance between the indictment and the proof, only a 'material' variance will render the evidence insufficient." *Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001). Appellant was not prevented from adequately preparing a defense, was not confused as to the charge against her, and is not at risk of being charged again for the same offense because of this variance. *Id.* Despite her denial, there is evidence in the record to allow a rational trier of fact to find that she received notice, it was oral, and that it was from Ellis.

3

Appellant also urges that the evidence is factually insufficient to support her criminal trespass conviction. In a factual sufficiency review, the reviewing court "views all the evidence without the prism of 'in the light most favorable to the prosecution,' and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App 1996). The evidence may also be factually insufficient to support a criminal conviction if the evidence in support of the existence of a vital fact, standing alone, is factually too weak to support it. *Goodman v. State*, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001); *Johnson*, 23 S.W.3d at 11. In conducting its factual sufficiency review, an appellate court reviews the fact finder's weighing of the evidence and is authorized to disagree with the fact finder's determination. *Clewis*, 922 S.W.2d at 133. However, appellate courts should exercise their fact jurisdiction only to prevent a manifestly unjust result. *Id.* at 135. Appellate courts are not free to reweigh the evidence and set aside a verdict merely because the reviewing judges feel that a different result is more reasonable. *Id.* A factual sufficiency review must employ appropriate deference to the fact finder's role as the sole judge of the weight and credibility to be given to witness testimony. *Johnson*, 23 S.W.3d at 7.

Paul Maguire, appellant's friend, testified that he heard Ellis's son-in-law, Tim Howard, who lived on Ellis's property, "suggest that she go ahead and pick up the dolly and contact the lady that was supposed to be there." Howard testified earlier to the contrary. Appellant also testified that she believed she had permission from Howard to use the dolly and that she had used the dolly before and was never given notice that she was no longer permitted to do so. Travis testified that she had orally delivered a message from Ellis to that effect.

4

We conclude that, although appellant did call witnesses and introduce evidence that supported her position, the court was free to choose to believe the State's witnesses and version of events and to disregard appellant's version of the events. The evidence is not overwhelmingly inconsistent with the verdict, no manifest injustice is indicated, and accordingly we will defer to the findings of the trier of fact.

Accordingly, appellant's first point of error on the criminal trespass charge is overruled.

**Mistake of Fact**

Appellant raised mistake of fact as a defense to the trespass charge and now contends that no reasonable trier of fact could find that appellant's defense was disproved beyond a reasonable doubt. "It is a defense to prosecution that the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." Tex. Pen. Code Ann. § 8.02(a) (West 2003). A belief is reasonable if it is one that would be held by an ordinary and prudent person under the same circumstances as the actor. *Bang v. State*, 815 S.W.2d 838, 841 (Tex. App.—Corpus Christi 1991, no pet.). When the existence of a defense is raised, it must be submitted to the trier of fact. *Johnson*, 571 S.W.2d at 173. If there is a reasonable doubt with respect to a defense, the accused must be acquitted. Tex. Pen. Code Ann. § 2.03(d) (West 2003).

The trial judge, when sitting as the sole trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. He is authorized to accept

or reject any or all of the testimony of the witnesses for either the State or the accused. *Mattias v. State*, 731 S.W.2d 936, 940 (Tex. Crim. App. 1987); *Jones*, 944 S.W.2d at 647. The trier of fact is free to accept or reject defensive evidence. *Bang*, 815 S.W.2d at 841.

Appellant testified that she believed she had permission to enter the property because Howard, Ellis's son-in-law who lives on the property (but does not work for Ellis), told her to "go ahead and get it." In his own testimony, however, Howard denied making any such statement. The trial court, in crediting Howard's testimony, could have determined that there was no factual basis for appellant's claimed defense. We conclude that a reasonable trier of fact could find that the mistake of fact defense was disproved beyond a reasonable doubt.

Accordingly, appellant's remaining point of error with respect to the criminal trespass charge is overruled.

**Theft**

Appellant also urges that the evidence is legally and factually insufficient to support the theft conviction. She contends the State failed to prove the element of "intent to deprive." Tex. Pen. Code Ann. § 31.03(a). Deprivation of property occurs when property is withheld from the owner permanently or for so extended a period of time that a major portion of the value or enjoyment of the property is lost to the owner, or when property is restored only upon payment of a reward or compensation, or when property is disposed of in a manner that makes recovery of the property to the owner unlikely. Tex. Pen. Code Ann. § 31.01(2) (West 2003). The fact finder determines intent

6

to deprive from the words and acts of the accused. *Banks v. State*, 471 S.W.2d 811, 812 (Tex. Crim. App. 1971).

Appellant testified that she merely borrowed Ellis's hay dolly and that she had no intention of keeping it. The dolly was recovered with assistance from the police on the same day it was taken. Appellant claims that she intended to return the dolly within moments of the officer's arrival, but there is evidence that she had in the past kept the dolly much longer.[1]

Appellant's intent is what is relevant rather than the actual length of deprivation, since there is no duty to show that an actual deprivation occurred. *Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988). Even in cases where there exists no evidence directly indicating an intent to steal property, it has been held that such intent may be inferred from the words, actions, or conduct of the actor. *McGee v. State*, 774 S.W.2d 229, 234 (Tex. Crim. App. 1989); *Banks*, 471 S.W.2d at

---

[1] Danny Ellis testified regarding a prior instance when he loaned appellant the hay dolly:

Q: So it would have been possible to return the hay dolly on the same day?

A: That's correct.

Q: Did she return it on the same day?

A: No, she did not.

Q: When did she – if – if she returned it, when did she return it?

A: She didn't. We had to find her and get the gate unlocked and get the buggy.

Q: Where did you find the hay dolly?

A: On someone else's place, behind a locked gate.

7

812. We conclude that a rational trier of fact, given the totality of the circumstances and testimony, could infer that appellant intended to keep the hay dolly for "so extended a period of time that a major portion of the value or enjoyment of the property [was] lost to the owner." Tex. Pen. Code Ann. § 31.01(2). Moreover, the evidence supporting this inference is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the conviction. The point of error is therefore overruled.

Finally, appellant contends and the State concedes that there is no evidence that the hay dolly was worth more than fifty dollars, as alleged in the information and found by the court. Tex. Pen. Code Ann. § 31.03(e)(1)(A)(i). The State must prove beyond a reasonable doubt the value of the item allegedly stolen because the value is an essential element of the offense. *Davila v. State*, 956 S.W.2d 587, 589 (Tex. App.—San Antonio 1997, pet. ref'd). A conviction for theft requires proof of the value of the thing taken. *Sanders v. State*, 664 S.W.2d 705, 708 (Tex. Crim. App. 1984); *Radford v. State*, 35 Tex. 15, 16 (1872). Receipt of property and proof of its value are critical elements in the offense of theft. *Simmons v. State*, 190 S.W.3d 469, 472 (Tex. Crim. App. 2003) (citing *Christiansen v. State*, 575 S.W.2d 42, 44 (Tex. Crim. App. 1979)). In this case, however, the record lacks any proof whatsoever as to the value of the stolen hay dolly.

The State proposes that this lack of evidence can be remedied by reforming the conviction to a class C theft, which applies to theft of any property valued at fifty dollars or less. Tex. Pen. Code Ann. § 31.03(e)(1)(A). Pursuant to our authority under the Texas Rules of Appellate Procedure, if this Court has the necessary data and evidence before it for reformation, the judgment

8

and sentence may be reformed on appeal. Tex. R. App. P. 43.2(b), 43.6; *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

The penal code defines "property" as, among other things, "tangible or intangible personal property including anything severed from land." Tex. Pen. Code Ann. § 31.01(5)(B). The hay dolly was "property" in that it was tangible personal property and, even if we assume it is worthless, it is then stolen property with a value of less than fifty dollars. Neither the definition of property in the statute nor the provision describing the grade of offense suggest that the legislature only intended to criminalize thefts of property worth at least one cent or one dollar. The deliberate use of "less than $50" in the statute suggests an intentionally open-ended provision that could include worthless items or even items with negative value to their possessor, as opposed to closed-ended provisions elsewhere in the statute. *Compare* Tex. Pen. Code Ann. § 31.03(e)(1)(A), *with* Tex. Pen. Code Ann. § 31.03(e)(2)(A)(i).

We conclude that this reading of the statute is consistent with a permissible exercise of the legislature's police power and comports with the societal desire to protect property rights. Further, we conclude that it was the legislature's intent to protect all property from theft, for it may have value to its owner even if it is completely void of any monetary value.

Accordingly, although the evidence cannot sustain the conviction of class B misdemeanor theft, we have sufficient data before us to determine that the evidence supports a conviction for class C misdemeanor theft. The trial court judgment is modified to reflect a conviction for class C misdemeanor theft.

## Conclusion

The judgment of conviction for criminal trespass is affirmed.  As modified, the judgment of conviction for theft is affirmed as to guilt, but the judgment is reversed and the cause is remanded for a new trial as to punishment.  Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2003).

 

_____

David Puryear, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed in Part; Modified and, as Modified, Affirmed in Part; Reversed and Remanded in Part

Filed:   December 4, 2003

Publish