IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00015-CR

 

Tamala Nicole Brown,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 05-02621-CRF-272

 



MEMORANDUM  Opinion



 

            A jury found Tamala Brown guilty of aggravated assault with a deadly
weapon and assessed a prison sentence of eighteen years.  In this appeal, Brown
asserts five issues.  We will affirm.

Background

            The evidence shows that during a
dispute and fight outside a bar after midnight, Brown struck and severely cut
the victim’s neck with a broken beer bottle.  Brown admitted to striking and
cutting the victim with the broken bottle, but she claimed it was in
self-defense, which the trial court submitted to the jury.  All of the parties
to the dispute and fight, including Brown, testified.  Brown’s version
contradicted the inconsistent versions of the other witnesses, including that
of the victim, Bobby Green, who had been Brown’s boyfriend.

Ineffective Assistance of Counsel

Brown’s first issue is ineffective assistance of
counsel.  She asserts that her trial counsel was ineffective in at least 27
different respects, including areas such as deficient examination of witnesses,
failure to object or to object properly, failure to get allegedly key evidence
admitted, making a prejudicial closing argument that contradicted Brown’s
testimony, failing to give an opening statement in the punishment phase, and
failing to request a lesser-included offense instruction.[1]

The standard in Strickland v. Washington
applies to a claim of ineffective assistance of counsel.  Strickland v.
Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  To prevail, a defendant must first show that his
counsel’s performance was deficient.  Id. at 687, 104 S.Ct. at 2064; see
Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002).  Then it must
be shown that this deficient performance prejudiced the defense.  Strickland,
466 U.S. at 687, 104 S.Ct. at 2064.

            Appellate review of defense counsel’s
representation is highly deferential and presumes that counsel’s actions fell
within the wide range of reasonable and professional assistance.  Mallett v.
State, 65 S.W.3d 59, 63 (Tex. Crim. App. 2001); Tong v. State, 25
S.W.3d 707, 712 (Tex. Crim. App. 2000).  Under normal circumstances, the record
on direct appeal will not be sufficient to show that counsel’s representation
was so deficient and so lacking in tactical or strategic decision-making as to
overcome the presumption that counsel’s conduct was reasonable and
professional.  See Goodspeed v. State, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); Mitchell, 68 S.W.3d at 642.  Rarely will the trial record
contain sufficient information to permit a reviewing court to fairly evaluate
the merits of such a serious allegation:  “[i]n the majority of cases, the
record on direct appeal is simply undeveloped and cannot adequately reflect the
failings of trial counsel.”  Thompson v. State, 9 S.W.3d 808, 813-14
(Tex. Crim. App. 1999); see also Mitchell, 68 S.W.3d at 642 (“The reasonableness
of counsel’s choices often involves facts that do not appear in the appellate
record.  A petition for writ of habeas corpus usually is the appropriate
vehicle to investigate ineffective-assistance claims.”).

            In the absence of evidence of trial
counsel’s reason for the challenged conduct, we assume a strategic reason for
trial counsel’s conduct, if one can be imagined.  Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001) (“an appellate court ‘commonly will
assume a strategic motivation if any can possibly be imagined,’ and will not
conclude the challenged conduct constituted deficient performance unless the
conduct was so outrageous that no competent attorney would have engaged in it”)
(quoting 3 W. Lafave, et al., Criminal
Procedure § 11.10(c) (2d ed. 1999) and citing Thompson, 9 S.W.3d
at 814).  But, if nothing in the record reveals trial counsel’s reason, it is
improper for us to speculate on it.  See Thompson, 9 S.W.3d at 814.

            We have a silent record before us on trial
counsel’s conduct and trial strategy.  Because the appellate record in this
case does not evidence the reasons for trial counsel’s conduct, and because all
of the alleged deficiencies could have been the subject of trial strategy, we
overrule Brown’s first issue.  See Jones v. State, 170 S.W.3d
772, 776 (Tex. App.—Waco 2005, pet. ref’d).

Sufficiency of the Evidence

            Brown’s second issue complains that
the evidence is legally and factually insufficient to support her conviction.  When
reviewing a challenge to the legal sufficiency of the evidence to establish the
elements of a penal offense, we must determine whether, after viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact
could have found the essential elements of the offense beyond a reasonable
doubt.  See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560 (1979).  Our duty is to determine if the finding of the
trier of fact is rational by viewing all of the evidence admitted at trial in
the light most favorable to the verdict.  Adelman v. State, 828 S.W.2d
418, 422 (Tex. Crim. App. 1992).  In so doing, any inconsistencies in the
evidence are resolved in favor of the verdict.  Curry v. State, 30
S.W.3d 394, 406 (Tex. Crim. App. 2000).

The
standard of review for factual sufficiency was recently revisited by the Court
of Criminal Appeals in Watson v. State, 204 S.W.3d. 404 (Tex. Crim. App.
2006).  We, as the reviewing court, ask whether a neutral review of all the
evidence, though legally sufficient, demonstrates either that the proof of
guilt is so weak or that conflicting evidence is so strong as to render the
factfinder’s verdict clearly wrong and manifestly unjust.  Id. at 414-15; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  “The court reviews the
evidence weighed by the jury that tends to prove the existence of the elemental
fact in dispute and compares it with the evidence that tends to disprove that
fact.”  Johnson, 23 S.W.3d at 7 (quoting Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996)).  The appellate court “does not indulge
in inferences or confine its view to evidence favoring one side of the case. 
Rather, it looks at all the evidence on both sides and then makes a
predominantly intuitive judgment. . . .”  Id. (quoting William Powers
and Jack Ratliff, Another Look at “No Evidence” and “Insufficient Evidence,”
69 Texas L. Rev. 515, 519 (1991)).  The nature
of a factual sufficiency review authorizes an appellate court, although to a
very limited degree, to act as the so-called “thirteenth juror” to review the
factfinder’s weighing of the evidence and disagree with the factfinder’s
determination.  Watson, 204 S.W.3d at 416-17.  If an appellate court
concludes that the evidence is factually insufficient, it must clearly state why
it has reached that conclusion.  Johnson, 23 S.W.3d at 7.

If there is a reasonable doubt with respect to the
existence of a defense, the accused must be acquitted.  Tex. Pen. Code Ann. § 2.03(d) (Vernon 2003); Winkley v.
State, 123 S.W.3d 707, 712 (Tex. App.—Austin 2004, no pet.).  In other
words, the trier of fact must find against the defendant on the defensive issue
beyond a reasonable doubt.  See Sexton v. State, 804 S.W.2d 910, 914
(Tex. Crim. App. 1991).  When a defendant challenges the factual sufficiency of
the rejection of a defense, we must review all of the evidence in a neutral
light and ask whether the State’s evidence, taken alone, is too weak to support
the finding and whether the proof of guilt, although adequate if taken alone,
is against the great weight and preponderance.  Zuliani v. State, 97
S.W.3d 589, 595 (Tex. Crim. App. 2003).  The State meets its burden of
persuasion by proving its case beyond a reasonable doubt and thus need not
produce evidence directly refuting the evidence of the defense.  Id. at 594.

Brown, Bobby Green (Brown’s ex-boyfriend and the
father of her young child), and Theron Hill were involved in a name-calling
dispute outside of Dee’s Club.  Brown admitted that she struck and cut Green’s neck
with a broken bottle; she said she did it in self-defense to Hill’s attack on
her.  Hill testified that Brown came at him and Green with the bottle and that
she struck Green in the neck.  Green testified that he felt Brown pull his hair
from the back and then felt a scratching and rubbing across his neck.  He felt
a sting but did not realize that Brown had a bottle and that he had been cut.  Two
investigating police officers testified that the broken bottle used by Brown
was capable of being a deadly weapon.  Considering all of the evidence in the
light most favorable to the verdict, the jury could rationally have found
beyond a reasonable doubt that Brown committed the offense of aggravated
assault with a deadly weapon, rejecting her self-defense claim.  Jackson,
443 U.S. at 318-319, 99 S.Ct. at 2788-89; Zuliani, 97 S.W.3d at 594-95. 
Accordingly, we find the evidence to be legally sufficient.

In her brief, Brown’s factual sufficiency
complaint argues the credibility of the witnesses and their inconsistent
testimony.  We must, however, defer
to the jury’s determination of the credibility of the witnesses.  Johnson, 23
S.W.3d at 7.  We cannot say that the
evidence is not factually sufficient because the jury resolved the conflicting
views of the evidence in favor of the State.  Cain v. State, 958
S.W.2d 404, 410 (Tex. Crim. App. 1997).

The jury was free to reject Brown’s self-defense testimony,
which was contradicted in key respects by Green and Hill.  See Goodman v.
State, 66 S.W.3d 283, 285 (Tex. Crim. App. 2001); Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991).  Considering all of the evidence in
a neutral light, we find that the jury was justified in finding Brown guilty.  See
Watson, 204 S.W.3d at 414-15.  Accordingly, we find that the evidence
was factually sufficient.  We overrule Brown’s second issue.

Lesser-Included Offense

In her third issue, Brown complains that the trial
court erred in not instructing the jury on the lesser-included offense of
assault, arguing that the broken beer bottle was not a deadly weapon.  Assault
is lesser-included offense of aggravated assault; it is elevated when the
defendant uses or exhibits a deadly weapon.  Although Brown’s trial counsel did
not request a lesser-included offense instruction on assault, we will address
her complaint.  See Posey v. State, 966 S.W.2d 57, 61-64 (Tex. Crim. App. 1998).

The second step for determining whether a
lesser-included instruction is that there must be some evidence in the record
that would permit a jury rationally to find that if the defendant is guilty, she
is guilty of only the lesser offense; the lesser-included-offense instruction
was required only if the record contains some evidence that Brown did not use a
deadly weapon.  Davis v. State, 22 S.W.3d 638, 640-41 (Tex. App.—Waco 2000, pet. ref’d).  Brown admitted to striking the victim in the neck with
the broken bottle.  She admitted that the victim’s cut was a serious bodily
injury, but claimed that she had struck at Hill in self-defense.  An officer
testified that the jagged edge of a broken beer bottle, when used to cut a
person’s throat, is a deadly weapon.  The record does not contain evidence that
would permit a jury to rationally find that Brown did not use a deadly weapon, and
Brown was not entitled to an instruction on the lesser-included offense of
assault.  See id. at 641-42.  We overrule the third issue.

Batson Complaint

Brown’s fourth issue is a Batson
complaint.  There were four black, female venirepersons.  Two were in the
strike zone, and the State struck them both.  In response to Brown’s Batson
challenge, the State explained that it struck those two because they were
sleeping during voir dire.  The trial court overruled the Batson
challenge.  Striking prospective jurors because they were sleeping during voir
dire is a valid, race-neutral reason.  See Muhammad v. State, 911 S.W.2d
823, 825 (Tex. App.—Texarkana 1995, no pet.).  Moreover, the State struck the
only other sleeping venireperson.  The trial court’s finding that the State’s
two strikes were not racially motivated was not clearly erroneous.  See
Williams v. State, 804 S.W.2d 95, 101 (Tex. Crim. App. 1991).  We overrule
Brown’s fourth issue.

Evidentiary Ruling

Brown’s fifth issue complains that the trial court
abused its discretion in sustaining the State’s objection to her counsel’s
questions to her about why Hill’s jaw was wired shut.  The State objected to
the questions as calling for hearsay; Brown claims the proper objection was
that the questions called for speculation.  Having reviewed the questions and
objections at issue, we hold that the trial court did not abuse its discretion
in sustaining the hearsay objections.  Brown’s fifth issue is overruled.

Having overruled all of Brown’s issues, we affirm
the trial court’s judgment.

 

 

BILL VANCE

Justice

 

Before
Chief Justice Gray,

Justice Vance, and

Justice Reyna

Affirmed

Opinion
delivered and filed March 14, 2007

Do
not publish

[CR25]








 









[1]               We cannot speculate whether trial
counsel was ineffective in not requesting a lesser-included offense instruction
or whether he employed an all-or-nothing strategy, especially with Brown’s
self-defense theory.  See Jones v. State, 170 S.W.3d 772, 776 (Tex. App.—Waco 2005, pet. ref’d).  Moreover, because of our disposition of Brown’s third
issue, she cannot show prejudice from the failure to request the instruction.