# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00388-CR

**Inette Wesley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY, NO. C-1-CR-06-725323 HONORABLE NANCY WRIGHT HOHENGARTEN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A judge found appellant Inette Wesley guilty of the misdemeanor offense of making a false report to a peace officer concerning a domestic dispute. *See* Tex. Penal Code Ann. § 37.08 (West 2003). The trial court assessed punishment at 30 days in jail and a $1,000 fine, but suspended imposition of sentence and placed appellant on community supervision for nine months, ordering her to report to a stress clinic for evaluation and complete 20 hours of community service. In four issues, appellant, appearing pro se, contends that she received ineffective assistance of counsel, that two of the State's witnesses made false statements in their testimony, and that the punishment she received was unfair. For the reasons that follow, we affirm the judgment of conviction.

Evidence at trial before the court showed that on the early afternoon of January 3, 2006, appellant along with her daughter, Akia, arrived at Brian Kephart's home in Pflugerville to

pick up her grandson for five hours of court-ordered visitation. Kephart testified that appellant is his "grandson's other grandparent."

When Akia entered Kephart's home to get the grandson, Kephart began to put the boy's shoes on. Moments later, appellant "burst" through the door, asking for her grandson and complaining of the delay. When she refused to wait outside and told Kephart he would have to call 911 to get her out, Kephart then called 911. He told the 911 dispatcher that he had a "lady in my house that will not get out." Appellant left the house and Kephart observed her making a call on her cell phone. Appellant also had placed a call to 911, complaining of a shooting. Within minutes, two officers responding to a "disturbance" call arrived at Kephart's house.

A dispatcher for the Round Rock Police Department testified that she received a call from a woman on a cell phone that there had been a shooting at the Pflugerville residence. The woman stated that "somebody just got shot over here" and "somebody is shooting at us over here." In addition to calling the Pflugerville Police Department, the dispatcher also alerted the Travis County law enforcement communications and the Round Rock narcotics department to serve as back-up.

The first officers to arrive were responding to Kephart's call. Once there, they were alerted by their dispatcher that there had been a shooting. The officers treated the call as a "shooting in progress." One officer asked Kephart if he had any weapons in the home, which he did. The officer inspected them to determine if they had been fired recently. They had not.

In response to an officer's query, appellant admitted that she had reported a shooting to get a quicker police response. She testified that she called 911:

2

> Because I felt like my grandson was being unlawfully restrained by his grandfather and his mother, and I was calling the police to get a response to get my grandson out of the—out of the house. . . . We only had five hours with him that day.

At trial, it was undisputed that appellant made the call. Appellant testified that she was upset and feeling threatened and provoked. On cross-examination, appellant again acknowledged that she reported a shooting to get a faster response from the police:

> Q.    And you knew that if you told 911, if you made a statement like that to them, that they would respond quicker?
>
> A.    I thought they would, but they didn't.

Appellant testified that she did not know that such a report was against the law and that she admitted at the close of the 911 call that she was not sure that there had been a shooting and then that it had not happened. After the police determined there had been no shooting, an officer retrieved a copy of the 911 tape from the Pflugerville Police Department and filed false report charges. After a bench trial in which the trial court found appellant guilty, this appeal followed.

In her first two issues, appellant complains that she received ineffective assistance of counsel. She contends that the 911 tape had been tampered with and that she had a more accurate recording that her "lawyer did not fight very hard to get it submitted." She also urges that e-mails she sent the dispatcher in which she apologized to the dispatcher "only" "since you were the only one I remember lying to" should have been admitted into evidence. Appellant also complains that her trial counsel did not produce witnesses to testify on her behalf that she was under stress and had

3

to "fight" to see her grandson. Appellant contends that her lawyer neglected her case because he had an illness in his family.

To demonstrate ineffective assistance of counsel, a defendant must show both that (i) counsel's performance fell below an objective standard of reasonableness and (ii) the deficient performance was so serious that it prejudiced the defendant's case. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must identify the acts or omissions of counsel that are alleged to constitute ineffective assistance and affirmatively show that they fall below the professional norm for reasonableness. *Garcia v. State*, 887 S.W.2d 862, 880 (Tex. Crim. App. 1994) (citing *Strickland*, 466 U.S. at 690). Under the first prong of *Strickland*, the defendant must overcome the strong presumption that the counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at 689. We may not speculate in determining why a trial counsel took certain actions. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Under the second prong of the test, the defendant, after showing error, must affirmatively prove prejudice. *See Garcia*, 887 S.W.2d at 880 (citing *Stickland*, 466 U.S. at 687). Appellant must prove that counsel's errors, judged by the totality of the representation, not by isolated instances of error, denied her a fair trial. *McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) (citing *Strickland*, 466 U.S. at 695). Appellant must show that there is a reasonable probability that, but for counsel's error, the factfinder would have had a reasonable doubt of her guilt. *Id*. In reviewing this determination, we consider the totality of the evidence before the factfinder. *Id*. Any allegation of ineffectiveness must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness. *Id*. (citing *Ex parte Cruz*, 739 S.W.2d 53, 59 (Tex. Crim.

4

App. 1987)). Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim. *Id.* (citing *Strickland*, 466 U.S. at 700).

We begin by observing that no evidentiary hearing was held to develop a record substantiating appellant's allegations and the allegations are not firmly founded in the record. The decision not to offer the e-mails could be considered sound trial strategy as they contain admissions of wrongdoing. As to the other claimed omitted evidence, appellant has failed to preserve error for review because the appellate record does not reflect what the omitted evidence would have shown. Tex. R. App. P. 33.1. There is no support in the record that the 911 tape-recording was tampered with or that her counsel neglected her case.

Appellant fails to show that trial counsel's conduct fell below the *Strickland* standard. Even had counsel's behavior fallen below the standard, appellant failed in each instance to prove prejudice or that the result of the proceeding would have been different. We overrule appellant's first and second issues.

In her third issue, appellant contends that witnesses Kephart and his daughter made false statements in their testimony. She contends that Kephart's testimony that he and appellant had never had problems before in their custody exchanges was simply not true, and appellant recounted instances on February 18 and December 24, 2005, on which problems occurred. Appellant also urged—and testified—that "I told the court about the problems that we had" with Kephart. Appellant also complained that one of the officers lied when he stated in his report "that he used his siren yet no one heard it."

A person commits the offense of making a false report to a peace officer if, with intent to deceive, she knowingly makes a false statement that is material to a criminal investigation and makes the statement to a peace officer conducting the investigation. Tex. Penal Code Ann. § 37.08. The trial judge, when sitting as the sole trier of fact, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *McFarland v. State*, 928 S.W.2d 482, 496 (Tex. Crim. App. 1996). The judge was authorized to accept or reject any or all of the testimony of the witnesses for either party. *Winkley v. State*, 123 S.W.3d 707, 712 (Tex. App.—Austin 2003, no pet.). By her own testimony, appellant established all elements of the offense. We overrule appellant's third issue.

Although appellant urges in her fourth issue that her sentence was unfair, she fails to cite any authority or to make any argument in support of her claim and has therefore presented nothing for review. *See* Tex. R. App. P. 38.1(h); *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000).

Having overruled appellant's issues, we affirm the judgment of conviction.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Waldrop and Henson

Affirmed

Filed:   August 28, 2008

Do Not Publish