NO. 07-11-00493-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL A
 
--------------------------------------------------------------------------------
JANUARY 25, 2013
--------------------------------------------------------------------------------

 
 DANNY DEWAYNE RANDELL, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE 242ND DISTRICT COURT OF HALE COUNTY;
 
 NO. B18744-1103; HONORABLE EDWARD LEE SELF, JUDGE
--------------------------------------------------------------------------------

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

 MEMORANDUM OPINION
 
 Appellant Danny Dewayne Randell appeals from his conviction of the state jail felony offense of theft and the resulting sentence of two years of imprisonment and a fine of $5000. He presents three issues. We will affirm.
 Background
 Appellant was indicted for theft of promotional stamps with a value of $50 or more but less than $500. He plead not guilty and the case was tried to a jury. A United Supermarket cashier testified that while working on January 1, 2011, she noticed a roll of promotional stamps was missing from her station. Although she believed they were missing after appellant completed his grocery purchase, she did not see appellant take the stamps. She contacted her supervisor. The store's surveillance video, admitted into evidence, shows a man identified as appellant standing at a check-out counter while the cashier pulled several grocery items across the scanner and placed them on the counter. The video depicts that, at a point at which the cashier had placed a cereal-sized box on the counter next to the scanner, appellant moved his hand down to the counter, reached behind the box, then made a movement with his hand to the area of the pocket of his jacket. 
The store's operations manager also testified. He and the cashier both identified the roll of stamps on the video, sitting on the counter near the scanner. The video also depicts that after appellant's reaching movement and after the cashier moved the box, the stamps no longer can be seen. The operations manager testified that the missing roll of stamps cost the store more than $50. The stamps were not recovered.
 
 
 Analysis 
Admission of Surveillance Video
 In appellant's first issue on appeal, he challenges the trial court's admission of the store's surveillance video over his objections. Appellant objected to the video under Rule of Evidence 901 and argued the State failed to provide a proper predicate as the operations manager testified he had "burned off" a portion of the video made simultaneously with the actions recorded on the video. The court sustained appellant's objection. When the video was offered a second time, appellant objected again on the same basis. This objection was also sustained. The manager then gave testimony stating, among other things, that the video recording was prepared on a device capable of making an accurate recording of the visual information and the recording offered was an accurate copy. Appellant objected a third time. This time, the trial court overruled the objection and the video was played for the jury. It is this ruling appellant now challenges.
 The trial court's decision to admit or exclude evidence is reviewed for abuse of discretion. Weatherred v. State, 15 S.W.3d 540, 542 (Tex.Crim.App. 2001); Montgomery v. State, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). An appellate court will reverse a trial court's decision to admit or exclude evidence only when the decision falls outside the zone of reasonable disagreement. Montgomery, 810 S.W.2d at 391. 
 Texas Rule of Evidence 901(a) establishes the authentication requirement for the admissibility of evidence, i.e., there must be sufficient evidence to find the matter proferred is what its proponent claims. Tex. R. Evid. 901(a). The rule provides a nonexclusive list of methods to authenticate evidence, including testimony of a witness with knowledge that a matter is what it is claimed to be. Tex. R. Evid. 901(b)(1). The rule requires only a showing satisfying the trial court that the matter in question is what its proponent claims. Llamas v. State, 270 S.W.3d 274, 281 (Tex.App. -- Amarillo 2008, no pet.). 
 Citing Thierry v. State, 288 S.W.3d 80, 89 (Tex.App. -- Houston [1[st] Dist.] 2009, pet. ref'd), Page v. State, 125 S.W.3d 640, 648 (Tex.App. -- Houston [1[st] Dist.] 2003, pet. ref'd), and Sanders v. State, No. 07-10-0082-CR, 2011 Tex.App. LEXIS 1416 (Tex.App. -- Amarillo Feb. 25, 2011, pet. dism'd) (mem. op., not designated for publication), appellant argues the State's predicate for admission of the surveillance video failed to meet the requirements set forth in each of those cases. For example, he contends the operations manager did not testify to the specifics of the video surveillance system, his ability to link the encoding on any receipts to the time, date, or a specific cashier's terminal, the manner in which the videotape was loaded, how the camera was activated or how the images were saved to the computer hard drive. Accordingly, he argues, the trial court erred.
 The State disagrees. It acknowledges the cases appellant cites considered those facts but correctly notes they do not establish requirements that must be met for admission of every video record. Here, the manager testified he reviewed the video after being informed of the theft of the stamps. He testified he or the store director can "burn off" parts of the video for the police. He testified he did so in this case and provided the relevant part to the police. He further agreed the recording was made simultaneously with the actions recorded on the video, that he reviewed the contents of the copy prior to testifying, that it had not been tampered with, that the recording was made on a device capable of making an accurate recording, that he was trained and capable of operating the computers or devices that record images from the surveillance cameras, and the recording offered was an accurate representation of the events "as viewed by the camera." 
 Other Texas courts have found a sufficient basis for admission with similar testimony. For example, in Reavis v. State, 84 S.W.3d 716 (Tex.App. -- Fort Worth 2002, no pet.), the court found no abuse of discretion in the admission of a security videotape even though the authenticating witness at trial had not personally witnessed the events depicted on the videotape. Id. at 720. The authenticating witness testified that on the morning of the day of the offense, he loaded the videotape and pressed "record"; he removed the videotape shortly after the offense and reviewed it with police officers and reviewed it again before trial to ensure that the videotape had not been tampered with or altered. Id. The court held that this was "sufficient evidence to enable a reasonable juror to conclude the videotape was what the State claimed it to be." Id. 
A recent case, Warren v. State, No. 08-11-00029-CR, 2012 Tex.App. LEXIS 1544, at * 3 (Tex.App. -- El Paso Feb. 29, 2012, no pet.) (mem. op., not designated for publication), also found testimony similar to that provided by the operations manager here to be sufficient to authenticate a security DVD. There, the witness explained how security cameras work, that he removed the "SD card" from the camera, reviewed the contents with police, and copied four images onto a DVD for the police. The witness also stated the camera was capable of making true and accurate recordings and that the DVD contained a true and accurate depiction of images taken by the camera. He testified he did not alter or change the images and he reviewed the video before trial and it was a true and accurate depiction and recording of the four images he saved from the SD card. Id. 
We see no abuse of discretion in the trial court's admission of this surveillance video, and overrule appellant's first issue. 
Sufficiency of the Evidence and Denial of Motion for Instructed Verdict
 In appellant's second and third issues, he contends the evidence was insufficient to support his conviction for theft and accordingly, his motion for directed verdict should have been granted. Appellant specifically challenges the State's evidence proving he was the individual who took the stamps and the evidence proving he possessed the requisite intent.
 When evaluating its sufficiency, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Brooks v. State, 323 S.W.3d 893, 902 (Tex.Crim.App. 2010); Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). The standard is the same for both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex.Crim.App. 1995). We do not resolve any conflict of fact, weigh any evidence, or evaluate the credibility of any witnesses, as this is the function of the trier of fact. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999). The testimony of a single eyewitness may constitute legally sufficient evidence to support a conviction. See Davis v. State, 177 S.W.3d 355, 359 (Tex.App. -- Houston [1st Dist.] 2005, no pet.) (citing Aguilar v. State, 468 S.W.2d 75, 77 (Tex.Crim.App. 1971)).
 A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." Tex. Penal Code Ann. § 31.03(a) (West 2011). An appropriation of property is unlawful when "it is without the owner's effective consent." Tex. Penal Code Ann. § 31.03(b)(1) (West 2011). Circumstantial evidence can be as probative as direct evidence, Geesa v. State, 820 S.W.2d 154, 162 (Tex.Crim.App. 1991), and alone can be sufficient to establish guilt. Hooper v. State, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007); Guevara v. State, 152 S.W.3d 45, 49 (Tex.Crim.App. 2004). 
 Proof of a culpable mental state generally relies on circumstantial evidence. Gahagan v. State, 242 S.W.3d 80, 86 (Tex.App. -- Houston [1[st] Dist.] 2007, pet. ref'd). Intent to deprive may be inferred from the circumstances, including the "words, acts and conduct of the accused." Banks v. State, 471 S.W.2d 811, 812 (Tex.Crim.App. 1971); Winkley v. State, 123 S.W.3d 707, 713 (Tex.App. -- Austin 2003, no pet.). 
The cashier could not say she saw appellant take the stamps from the counter. She testified, however, that she first noticed they were missing when she was serving the customer who followed appellant in her line, and that appellant was the only customer who had passed through her line since she had last dispensed stamps. As noted, both the cashier and the operations manager identified the roll of stamps in the surveillance video. The jury also saw the video evidence showing the stamps were present when appellant reached over the counter in their direction, and shortly thereafter were not present on the counter. From these circumstances, and from the movements the jury saw depicted on the video, the jury was free to draw the reasonable inference that when appellant reached over the counter, he took the stamps and placed them in his jacket. Viewed in the proper light, the evidence was sufficient to permit a rational trier of fact to find, beyond a reasonable doubt, appellant took the stamps. See Hogan v. State, No. 11-10-00001-CR, 2011 Tex. App. LEXIS 8128, (Tex. App. -- Eastland Oct. 13, 2011, pet. ref'd) (mem. op. not designated for publication) (evidence sufficient to support guilt of bank teller despite absence of direct evidence teller took missing money).
The specific intent to commit theft may be inferred from the circumstances. Stine v. State, 300 S.W.3d 52, 57 (Tex.App. -- Texarkana 2009, pet. dism'd). Appellant contends there is no evidence, direct or circumstantial, to show he intended to deprive the owner of the stamps. We disagree. The evidence permitted the jury to conclude appellant surreptitiously took the roll of stamps from the counter and put it in his pocket. The cashier's testimony the stamps still were missing when she served the next customer permitted the jury to infer appellant did not return the stamps to the counter as he left the store. While, as appellant points out, the stamps were not recovered, the cumulative force of all the incriminating circumstances is sufficient to support the conclusion appellant took the stamps with the intention to deprive the store of them, and thus support his conviction for theft of the stamps. Hooper, 214 S.W.3d at 13. The trial court did not err by denying appellant's motion for a directed verdict. We resolve appellant's second and third issues against him and affirm the judgment of the trial court.

 James T. Campbell
 Justice

Do not publish.